### WALLACE, to Use of UNION TRUST CO. OF PITTSBURGH v. HAUGHNEY.
### No. 6124.

Circuit Court of Appeals, Third Circuit.

March 18, 1937.

H. Parker Sharp, Stuart Nye Hutchison, Jr., and Reed, Smith, Shaw & McClay, all of Pittsburgh, Pa., and I. J. Silin and Brooks, Curtze & Silin, all of Erie, Pa., for appellant.

Owen M. Burns, of Erie, Pa. (George P. Barse and James M. Kane, both of Washington, D. C., Attys. for Comptroller of the Currency, of counsel), for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

PER CURIAM.

The facts pleaded in this case and the holding of the court are stated in the opinion of the judge below as follows:

"Charles W. Prescott, late of Erie county, Pa., died November 20, 1932. His will dated November 17, 1932, was admitted to probate, and letters testamentary thereon were issued to Frank M. Wallace and the Second National Bank of Erie. An appeal was taken by the interested parties from the order of the register of wills admitting this will to probate, and such proceedings were had thereon in the orphans' court of Erie county that the appeal was sustained and a prior will of decedent was admitted to probate on October 16, 1933, letters testamentary on that will being issued to Charles M. Warner and Lytle L. Salsbury. Wallace and the bank, as executors of the first will, then filed their account as executors which was confirmed absolutely by the orphans' court on October 17, 1933. In their account, $35,000 was claimed by each executor as compensation for services, of which $17,500 had theretofore been paid to each of them, leaving unpaid at the date of final confirmation $17,500 to each. The funds of the estate, other than the executors' fees, were then turned over to the new executors. The $35,000 to pay balance of the executors' fees was then in the hands of the Second National Bank; and nothing remained for them to do but divide the fees allotted to them respectively.

"In the meantime, on July 24, 1933, a conservator had been appointed for the Second National Bank. When the account of the executors had been confirmed by the orphans' court on October 17, 1933, the conservator of the bank applied Wallace's share of executors' commission, $17,500, to Wallace's indebtedness to the bank, which was in excess of that amount.

"On August 24, 1934, Wallace assigned his interest in this $17,500 to the Union Trust Company of Pittsburgh and this suit was brought for the use of the trust company against the receiver of the Second National Bank to recover this amount.

"The question involved is whether under the facts stated, the bank was legally entitled to set off the amount coming to Wallace against his indebtedness to the bank.

"The plaintiff contends that the debts involved were not due in the same right, and that therefore there could be no set off. The defendant contends that they were, and that the set-off was legal. We agree with this view. All matters of trust with reference to the Prescott estate were at end with reference to the trust estate upon the confirmation of the final account of the executors. The adjustment of the amount coming from one executor to the other had nothing to do with the administration of the trust estate. They had all been finished. It was purely then a question of the settlement of their mutual debts between the co-executors. Wallace at that time owed the bank more than $17,500; the bank owed Wallace $17,500 on account of his share of the commissions allowed.

"Under these circumstances, we are of the opinion that the plaintiff is not entitled to recover."

Finding ourselves in accord with the court, its judgment is affirmed on its opinion.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.